Alla v. Holder

BIA
Hom, IJ
A077 633 143

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of February, two thousand ten.

PRESENT:
> ROBERT D. SACK,
> REENA RAGGI,
> GERARD E. LYNCH,
> > *Circuit Judges*.

_____

ERMIR ALLA, also known as LUC,
> *Petitioner*,

v.

ERIC H. HOLDER, JR.,[1]
UNITED STATES ATTORNEY GENERAL,
> *Respondent*.

08-6007-ag
NAC

_____

FOR PETITIONER:          Andrew P. Johnson, New York, New York.

_____

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey as the respondent in this case.

**FOR RESPONDENT:**          Tony West, Assistant Attorney General; Luis E. Perez, Senior Litigation Counsel; Edward Durant, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Ermir Alla, a native and citizen of Albania, seeks review of a November 10, 2008 order of the BIA affirming the March 2, 2007 decision of Immigration Judge ("IJ") Sandy K. Hom, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ermir Alla,* No. A077 633 143 (BIA Nov. 10, 2008), *aff'g* No. A077 633 143 (Immig. Ct. N.Y. City Mar. 2, 2007). Where, as here, the BIA affirms the IJ's decision in some respects but not others, we review the IJ's decision as modified. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). We review the agency's factual findings for substantial evidence, and we review *de novo* legal conclusions and the application of law to undisputed fact. *See Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). In applying these standards, we

2

assume the parties' familiarity with the underlying facts and procedural history.

Substantial evidence supports the BIA's conclusion that, even if Alla demonstrated past persecution based on a protected ground, and was therefore entitled to a presumption of a well-founded fear of future persecution, *see Baba v. Holder*, 569 F.3d 79, 86 (2d Cir. 2009), the government rebutted that presumption by showing that the political situation in Albania has changed fundamentally. As the BIA observed, the record included a March 2006 U.S. State Department report describing "no indications of systemic political persecution in Albania" and noting that the Democratic Party displaced the Socialist Party, to which Alla's alleged persecutor belongs, in 2005. *See Hoxhallari v. Gonzales*, 468 F.3d 179, 186 (2d Cir. 2006) (noting this court's "considerable deference" to State Department country condition reports, citing "substantial change in circumstances" in Albania, and rejecting claimed fear of future persecution based on membership in Albanian Democratic party). Thus, we need not reach Alla's contention that the BIA erred by rejecting his claim of past persecution based on its conclusion that the harm he suffered was "in the nature of personal animosity." Nor do we address Alla's

contention that the BIA erred by failing to review the IJ's adverse credibility determination; rather, we construe the BIA's opinion as assuming Alla's credibility. Because Alla is unable to meet his burden of proof for asylum, his withholding of removal and CAT claims necessarily fail. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk